**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AIG EUROPE S.A. a/s/o UNILEVER UNITED STATES, INC., and CONOPCO, INC., d/b/a UNILEVER, UNILEVER UNITED STATES, INC., and CONOPCO, INC.<br><br>                                    Plaintiffs,<br>                    v.<br>C&S WHOLESALE GROCERS, INC., and A.E.D.S, LLC<br><br>                                    Defendants. | CIVIL ACTION<br><br>NO. 3:21-CV-01212-JFS<br><br>JURY TRIAL DEMANDED |

**ANSWER OF DEFENDANT, A.E.D.S., LLC, WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant, A.E.D.S., LLC ("Answering Defendant") by and through its counsel, Fowler, Hirtzel, McNulty & Spaulding, LLP, in Answer to Plaintiff's Complaint, state as follows:

**INTRODUCTION**

1.      Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

2.      Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

3.      Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

4.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

5.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

## **PARTIES**

6.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

7.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

8.      Admitted.

9.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

10.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

11.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

12.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

13.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

14.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

15.      Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

16.      Admitted.

17.      Admitted.

18.      Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

19.      Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

20.      Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

## JURISDICTION & VENUE

21.      Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

22.      Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

23.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

## BACKGROUND

24.     Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

25.     Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

26.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

27.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

28.     Denied. The averments contained in this paragraph are denied as conclusions of law to which no responsive pleading is required.

29.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

30.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  By way of further response, Answering Defendant denies any and all allegations of negligence.

31.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

32.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  By way of further response, Answering Defendant denies any and all allegations of negligence.

33.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.  By way of further response, Answering Defendant denies any and all allegations of negligence.

34.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

35.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

36.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required.

37.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

38.     Denied. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and are therefore deemed denied pursuant to Fed.R.Civ.P. 8(b)(5).

39.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

40.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

41.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

42.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

43.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

44.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

45.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

46.     Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

47.      Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

48.      Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

## FIRST CAUSE OF ACTION AGAINST C&S – BREACH OF CONTRACT

49.      Answering Defendant incorporates by reference all preceding paragraphs of this Answer, and its Affirmative Defenses, under Fed.R.Civ.P. 10(c).

50.      Denied. The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

51.      Denied.  The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

52.      Denied. The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

53.      Denied. The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

**WHEREFORE**, Answering Defendant request that this Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## SECOND CAUSE OF ACTION AGAINST C&S – <u>CONTRACTUAL INDEMINIFICATION</u>

54.     Answering Defendant incorporates by reference all preceding paragraphs of this Answer, and its Affirmative Defenses, under Fed.R.Civ.P. 10(c).

55.     Denied.  The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

56.     The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.  By way of further response, Answering Defendant specifically denies any averments that it was negligent.

57.     The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.  By way of further response, Answering Defendant specifically denies any averments that it was negligent.

58.     The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.  By way of further response, Answering Defendant specifically denies any averments that it was negligent.

59.     The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

60.     The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

61.     The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

62.     The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

63.      The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

64.      The averments in this paragraph are directed at a party other than Answering Defendant and as such, no response is required.

**WHEREFORE**, Answering Defendant request that this Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

### CAUSE OF ACTION AGAINST AEDS- ###
### <u>BREACH OF CONTRACT OF MOTOR CARRIAGE</u> ###

65.      Answering Defendant incorporates by reference all preceding paragraph of this Answer, and its Affirmative Defenses, under Fed.R.Civ.P. 10(c).

66.      Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

67.      Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

68.      Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

**WHEREFORE**, Answering Defendant request that this Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## SECOND CAUSE OF ACTION AGAINST AEDS-
## NEGLIGENCE

69.     Answering Defendant incorporates by reference all preceding paragraph of this Answer, and its Affirmative Defenses, under Fed.R.Civ.P. 10(c).

70.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

71.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

72.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

73.     (a)-(t) Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

74.     Denied.  The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. By way of further response, Answering Defendant denies any and all allegations of negligence.

**WHEREFORE**, Answering Defendants request that this Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## AFFIRMATIVE DEFENSES

Answering Defendants incorporate by reference the preceding part of its Answer to

Plaintiff's Complaint under Fed.R.Civ.P. 10(c).

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants were not negligent or careless at any time material hereto.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants caused no injuries or damage to Plaintiff, and any injury or

damage allegedly sustained by the Plaintiff may have been caused by a party other than

Defendants and not within the control of Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff may have assumed the risk of injury.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff may have been contributorily negligent in that the accident was caused in whole

or in part by Plaintiff's negligence or by the negligence of Plaintiff's agents, servants, or

employees.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited by the application of the Pennsylvania

Comparative Negligence Act, 42 Pa. C.S.A. § 7102.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have been otherwise negligent as may be determined during the course and

scope of discovery or trial.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants breached no duty to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

If Answering Defendants were negligent, which is expressly denied, then the acts or omissions of Answering Defendants alleged to constitute negligence were not substantial factors or causes of the action or incident of which Plaintiff complain and/or did not result in the injuries or damages alleged by the Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The intervening negligent acts or omissions of other persons or entities may have constituted superseding causes of the accident or incident of which Plaintiff complain, and any injuries or damages allegedly suffered by the Plaintiff were caused by such superseding negligence of other persons or entities.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by release, satisfaction and accord, res judicata, or collateral estoppel.

## TWELVTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's ability to recover damages against Answering Defendant may be limited or barred by the Pennsylvania Fair Share Act, 42 Pa.C.S.A. § 7102(a.1).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join an indispensable party.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be preempted by federal law.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may attempt to assert new theories or claims which are not specifically plead in the Third Amended Complaint after the expiration of the statute of limitations, then said claims and theories will be barred, in whole or in part, by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Pennsylvania Rule of Civil Procedure 238 violates the Due Process and the Equal Protection Clauses of the 14th Amendment of the United States Constitution.  In accordance with Pa.R.C.P. No. 232, Answering Defendants are not required to pay delay damages during time periods in which Plaintiff's conduct delayed the trial. Moreover, delay damages may be further reduced in accordance with applicable federal and Pennsylvania law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the gist of the action doctrine.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the economic loss doctrine.

## TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to assert at the time of trial any and all affirmative defenses revealed through discovery.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has not pled facts sufficient to identify the "product" and/or "belt loader" involved in the alleged accident, and therefore, cannot causally relate the alleged accident to any conduct of Answering Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendants did not manufacture and/or place the product at issue herein in the stream of commerce.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Answering Defendants did place the subject "product" and/or "belt loader" at issue herein in the stream of commerce, which is specifically denied, any alleged defects were the result of normal wear and tear, routine or improper maintenance by others, natural conditions and/or acts of God.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged losses or damages were caused by Plaintiff's unanticipated use and/or misuse of the products, and therefore, Plaintiff's cause of action may be barred by the doctrines of Unforeseeable Misuse and/or Unintended Use.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendants cannot be held liable to Plaintiff insofar as any products which may have caused or contributed to any losses or damages were not defective and were not unfit for the purposes or purpose for which they were intended.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendants may not be held liable to Plaintiff insofar as, and to the extent that, any products which may have caused and or contributed to any alleged losses or damages were not designed, manufactured, sold, distributed or supplied by Answering Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action may be barred by the doctrine of Substantial Change.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants cannot be held liable insofar as, and to the extent that, any losses or damages were caused by substantial alterations of the products and/or actions either of Plaintiff, or other persons over whom Answering Defendants had no control and had no legal right or duty to control.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by virtue of the fact that the loss allegedly sustained occurred outside of and beyond the scope of any applicable warranty period.

## THIRTIETH AFFIRMATIVE DEFENSE

All claims against Answering Defendants are barred or limited, in whole or in part, by any disclaimer and/or limitations accompanying the sale and/or delivery of any product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defenses of accord and satisfaction.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Pursuant to Pa.R.C.P. 1019, Answering Defendants incorporate any other affirmative defenses pleaded by any other party to this litigation while denying any liability on the part of Defendants.

**WHEREFORE**, Answering Defendants requests that this Court enter judgment in its favor, and against all parties for the costs of this action, interests, reasonable attorneys' fees, and any other relief which this Court may deem just or appropriate.

## <u>JURY DEMAND</u>

Answering Defendant demands trial by jury on all issues so triable.

Respectfully submitted this 25th Day of October, 2021.

FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP

By:

Dated: October 25, 2021

JOSEPH R. FOWLER, ESQUIRE
PA ID #: 55661
Fowler, Hirtzel, McNulty & Spaulding, LLP
1717 Arch Street., Suite 1310
Philadelphia, PA 19103
P: 215-789-4848
F: 215-613-4994
E: jfowler@fhmslaw.com
Attorney for Defendant, A.E.D.S. LLC

## **VERIFICATION**

I, James Samuel Augustus, on behalf of Defendant, AEDS, LLC, verify that the factual statements made in the foregoing ***Answer with Affirmative Defenses to Plaintiff's Complaint,*** are true and correct to the best of my personal knowledge, or information and belief.  The undersign understands that statements therein are made subject to the penalties of perjury.

James Augustus

_____

James Samuel Augustus

Date:_____  9/14/21